Moncas vs. Stacks & Ledbetter.

---

## MONCAS vs. STACKS & LEDBETTER.

A, as principal, and B as security, make a note to C. B takes up the note and endorses it in the second instance to D. A is sued to insolvency by D—making no defence. An action will lie against B at the instance of D, to recover upon the endorsement.

Assumpsit, in Paulding superior court. Decision, on demurrer, by Judge HAMMOND, October Term, 1858.

This was an action of assumpsit by John K. Moncas, for the use of another, against John Stacks and John Ledbetter, to recover the sum of $319 00, besides interest on several promissory and sealed notets.

The declaration alleged that these notes were originally, made to Henry Peck or bearer, and signed by one Eli C. Reeves and said Stacks, but that Stacks was only security, and that he paid off said notes as security and took up and acquired possession of the same, and afterwards, for a valuable consideration, said Stacks and Ledbetter as his security, endorsed said notes to plaintiff. And the declaration further alleged that if said notes were paid off by Reeves or Stacks at the time they were endorsed

and delivered to plaintiff, said payment was well known to said Stacks and Ledbetter, and that they are therefore liable thereupon. The declaration further alleges that plaintiff sued Reeves to insolvency on said notes in the State of North Carolina, and that the same are wholly unpaid by said Reeves or any other person.

Defendants demurred to the declaration. The court sustained the demurrer, and dismissed the action and plaintiff excepted.

It was agreed by counsel in the case that the pleas of the statute of limitations, and of notice from Stacks as security, to plaintiff to sue ; Reeves, the principal, which he failed to do within three months, were filed.

BUCHANAN, BROYLES and ALEXANDER, for plaintiff in error.

CHISOLM, and FIELDER, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

It seems that Eli C. Reeves as principal, and John Stacks as security, made and delivered to one Henry Peck, divers promissory notes and bonds. That subsequently, Stacks took up these papers, and together with one John Ledbetter, endorsed them for a valuable consideration to John K. Moncas, to be liable in the second instance. That Reeves, the maker, has been sued to insolvency, and this action is brought to recover the amount of said notes and bonds from Stacks and Ledbetter. The defendants on the trial demurred to the declaration and insisted that as these notes and bonds had been taken up by Stacks, they could not be again put into circulation by him. After argument the court non-suited the plaintiff, who excepted, and now complains of said ruling as error.

In the judgment of this court a non-suit should not

Moncas vs. Stacks & Ledbetter.

have been awarded in this case. It is distinguishable from the case of Micklebury and Mobley against Shannon, administrator, (25 Geo. Rep. 237.) In that case, Blakely, the apparent principal, never was liable upon the note. The consideration for which it was given had entirely failed. It was for the hire of a negro, which was never delivered. May, the security of Blakely, having by some means possessed himself of the note, re-issued it. This, we held, he could not do. May could not, by his own act, change the original contract and convert Blakely without his consent, into a security for him.

But in this case, Eli C. Reeves was primarily liable, and he has never discharged this debt.

So, too, it differs from the case of Beck against Robley, cited in 25th Georgia, from Henry Blackstone's reports. To have sanctioned the re-issue of the draft, there would have changed the relation and character of the parties to the contract as well as their relative liabilities.

Here, as already stated, Reeves was the person first bound—Stocks was his security only—Stocks took up the notes and bonds, and endorsed them to the plaintiff. Reeves has been sued to insolvency and made no defence, and suit is now brought against Stocks and Ledbetter, charging them with the payment of these claims in the terms of their contract. Are they not estopped from setting up the plea that the negotiability of these papers, destroyed by being taken up by Stocks, who, as security, was not only authorized but bound to take them up ?

It is not a strained position to assume that from the facts of this case it may legally be inferred that Reeves agreed with Stocks, that the notes and bonds sued on, when taken up by him, should not be treated as *functus*, but that they might be re-issued, with a view to the re-imbursement of his security. Reeves has abided by his undertaking. He has been sued as *maker* upon these papers, and not con-

troverted the title of Moncas, as derived through the endorsement of Stocks.

Why should Stocks be permitted to deny the validity and vitality of the instruments sued on ?

Judgment reversed.